## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,

        v.

Nicole Renee McDaniel,

                Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 11-254(3) ADM/SER
Civil No. 15-1217 ADM

_____

Katharine T. Buzicky, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Nicole Renee McDaniel, *pro se*.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on

Defendant Nicole Renee McDaniel's ("McDaniel") 28 U.S.C. § 2255 Motion [Criminal Docket

No. 175] ("2255 Motion").[1]  For the reasons below, McDaniel's Motion is denied.

## II.  BACKGROUND

On August 17, 2011, McDaniel was charged in four counts of a six count, multi-

defendant indictment relating to the May 21, 2011 robbery of the Pot O' Gold Bingo Hall (the

"Bingo Hall").  See Superseding Indictment [Docket No. 62].  On April 24, 2012, McDaniel pled

guilty to Count 1, Conspiracy to Interfere with Commerce by Robbery - "Hobbs Act" in

violation of 18 U.S.C. § 1951(a), and Count 4, Aiding and Abetting Possession of a Firearm in

Furtherance of a Crime of Violence in violation of 18 U.S.C. §§ 2 and 924(c).  Id.; see Minute

Entry [Docket No. 109].

_____

[1] All docket citations are to the Criminal Docket.

In the plea agreement, McDaniel admitted that on May 21, 2011, she conspired with three codefendants to commit an armed robbery of the Bingo Hall.  Plea Agreement [Docket No. 111] ¶ 2(a).  McDaniel further admitted that she expected a .45 caliber handgun would be brandished and used to commit the robbery.  Id. ¶ 2(c).  The plea agreement stated that Count 4 carried a mandatory minimum sentence of seven years imprisonment to run consecutively to the sentence imposed in Count 1.  Id. ¶ 5(a).

At the plea hearing, McDaniel stated under oath that she understood she was pleading guilty to Counts 1 and 4 of the superseding indictment.  Tr. [Docket No. 181] 12:3-16.  McDaniel additionally stated that she understood Count 4 carried a mandatory minimum of 84 months because a firearm was brandished or displayed during the robbery.  Id. 15:9-14.  After the factual basis was established, the Court asked McDaniel if there was doubt in her mind about being guilty.  Id. 36:11.  McDaniel responded, "No."  Id. 36:12.

On October 19, 2012, McDaniel was sentenced to zero months imprisonment for Count 1 and 84 months imprisonment for Count 4.  Sentencing J. [Docket No. 165].  On March 10, 2015, McDaniel filed her § 2255 Motion alleging that she was being "imprisoned for a violation that she did not commit."  2255 Motion 5.

### III.  DISCUSSION

**A.  Statute of Limitations**

Section 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his or her sentence.  See United States v. Addonizio, 442 U.S. 178, 184-85 (1979).  Section 2255 also includes a one-year limitation provision, which states:

The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In this case, McDaniel's motion is barred by the one-year limitation provision. The limitation period began running on November 16, 2012, the date McDaniel's judgment became final, and closed on November 16, 2013. Thus, to avoid the one-year limitation period, McDaniel was required to file her § 2255 Motion by November 16, 2013. Having failed to file until March 10, 2015, the motion is untimely.

In rare cases, the one-year time limit for making a § 2255 motion may be equitably tolled. Equitable tolling is proper "only if [the movant] shows '(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 632 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

After the Government submitted its Response [Docket No. 185], McDaniel mailed a letter to the Court explaining why she was prevented from filing a timely motion. Letter to District Judge [Docket No. 186]. McDaniel explains that immediately after her sentencing in October 2012, she went to serve time in state prison for a separate offense. According to McDaniel, it was her understanding that she had to wait until August 6, 2014, the day she was

transferred to federal custody, before she could file a § 2255 motion attacking her federal sentence.  Thus, under McDaniel's understanding, the present motion would be timely.

Under these circumstances, however, equitable tolling is inappropriate.  For one, McDaniel is incorrect in believing that she had to wait until she was in federal custody to file her § 2255 motion.  See Simmons v. United States, 437 F.2d 156, 159 (5th Cir. 1971) ("We agree with the First and Eighth Circuits' construction of section 2255 and therefore join them in holding that 28 U.S.C. § 2255 is available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future.").  Additionally, McDaniel did not diligently pursue her rights.  She did not attempt to file a § 2255 motion while in state custody, nor does she allege she was given incorrect legal assistance advising her to wait until she was in federal custody.  See United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) ("[S]erious attorney misconduct, as opposed to mere negligence, may warrant equitable tolling) (quotation marks omitted).  In short, McDaniel's mistaken belief does not meet the high standard required to equitably toll her § 2255 motion.

**B.  Merits**

Even if McDaniel's motion was timely, it fails on the merits.  McDaniel appears to make two arguments in support of her motion.  First, McDaniel argues that she did not agree that "brandishing" a firearm was a part of her offense.  Second, McDaniel argues that she did not aid and abet the robbery of the Bingo Hall.

First, the plea agreement reflects that McDaniel did agree to the brandishing enhancement.  The plea agreement's factual basis states:

> Defendant further stipulates and admits that she aided and abetted the use of a
> firearm in relation to the armed robbery.  Specifically, Defendant admits that she

4

knowingly participated in the armed robbery, and that she did so, expecting that a firearm, that is, a loaded Ithaca Gun Company brand, U.S. Model M1911 A1 .45 caliber handgun, serial number 1851436, would be brandished and used to commit the robbery.

Plea Agreement ¶ 2(c).  The guideline calculations section of the plea agreement states:

> Base Offense Level Relating to Count Four.  The Parties agree that, pursuant to U.S.S.G § 2K2.4, the applicable Guideline sentence for the violation alleged in Count Four of the Superseding Indictment is the minimum term of imprisonment required by statute, or 84 months imprisonment, because a firearm was brandished during the robbery charged in Count One.

Id. ¶ 7(b) (emphasis added).  McDaniel appears to argue, citing Alleyne v. United States, that brandishing is an element that must be submitted to the jury.  133 S.Ct. 2151, 2158 (2013). McDaniel, however, admitted to the brandishing fact that she now claims is disputed.  McDaniel did not take her case to trial, instead electing to accept a plea agreement that clearly incorporated the elevated sentence for brandishing.  Thus, Alleyne does not aid her.  See United States v. Heard, ⸺ F.3d ⸺ (11th Cir. 2014), 2014 WL 1282724, at *2 ("[A]ny fact that increases the mandatory minimum is an 'element' of the charged crime that must be proven beyond a reasonable doubt," but "[i]n the context of a guilty plea, such an element may be established when the defendant admits the facts in question through a guilty plea or otherwise.").

Next, McDaniel cites United States v. Rosemond for the proposition that she did not aid and abet the Bingo Hall robbery with the prior knowledge that a codefendant would use or carry a gun during the commission of the crime.  134 S.Ct. 1240, 1243 (2014).  Rosemond held that "[w]hen an accomplice knows beforehand of a confederate's design to carry a gun, he can attempt to alter that plan or, if unsuccessful, withdraw from the enterprise; it is deciding instead to go ahead with his role in the venture that shows his intent to aid an armed offense."  Id. at 1249 (emphasis in original).

The record shows that McDaniel had prior knowledge that a firearm would be used.  The portion of the Plea Agreement excerpted above evinces this.  Moreover, at the change of plea hearing, McDaniel admitted that she learned a codefendant possessed a weapon sometime before the crime was committed.  Tr. 25:21-24   (Q.  "And in addition, you're pleading guilty to aiding and abetting the possession of a firearm in furtherance of that, right?"  A.  "Right."); 29:2-24 (discussing McDaniel's knowledge that a codefendant had a firearm in his possession as she drove to the Bingo Hall).  The record also shows that McDaniel did not make any attempt to dissuade her codefendant's use of the firearm or attempt to withdraw from the enterprise after learning that a firearm would be used to commit the robbery.  After she learned about the firearm, McDaniel, who was driving, stopped at a convenience store to collect a bag to hold the anticipated fruits of their upcoming robbery.  Id. 29:25-30:6.  Thus, because McDaniel satisfies Rosemond—she knew beforehand that a codefendant would be carrying a firearm and she failed to withdraw from the enterprise—her motion must be denied.

## IV.  CERTIFICATE OF APPEALABILITY

A court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds there are no debatable issues presented and therefore declines to grant McDaniel a certificate of

appealability.

## V.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Nicole Renee McDaniel's 28 U.S.C. § 2255 Motion [Docket No. 175] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 21, 2015.